```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                      :
PARK AVENUE LIFE INSURANCE COMPANY,                   :
                                                      :
                              Petitioner,             :       19-CV-1089 (JMF)
                                                      :
               -v-                                    :       MEMORANDUM OPINION
                                                      :       AND ORDER
ALLIANZ LIFE INSURANCE COMPANY OF NORTH               :
AMERICA,                                              :
                                                      :
                              Respondent.             :
                                                      :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Petitioner Park Avenue Life Insurance Company ("PALIC") and Respondent Allianz Life Insurance Company of North America ("Allianz") are parties to an agreement, pursuant to which PALIC agreed to reinsure certain Allianz insurance policies. The parties proceeded to arbitration to resolve a dispute that arose between them after Allianz entered into an agreement with regulators to pay death benefits that would be "escheated" to a government entity after a Death Master File ("DMF") search indicated that an insured person had passed away. PALIC Omnibus Reply at 6-8. There is no dispute that the arbitrators largely ruled in PALIC's favor, but the parties disagree with respect to one aspect of the Award: how it applies to claims going forward. At the simplest level, Allianz argues that the Award "continues" to require PALIC to reimburse payments that arise from claims made *either* by designated beneficiaries or by escheatment. *See* Allianz Opp'n & Cross Pet. at 2. By contrast, PALIC interprets the Award to require reimbursement of *only* those death benefit payments that arise from claims made by beneficiaries. PALIC Omnibus Reply at 2. Each party moves for confirmation of the Award, obviously pushing its preferred interpretation. In the alternative, Allianz asks the Court to remand to the arbitrators for clarification.

The relevant standards are undisputed.  Section 9 of the Federal Arbitration Act provides that a court "must" grant an order seeking confirmation of an arbitration award "unless the award is vacated, modified, or corrected."  9 U.S.C. § 9.  Absent a basis to vacate, modify, or correct, "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court."  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation marks omitted).  Moreover, because "there is no general requirement that arbitrators explain the reasons for their award . . . an arbitration award should be enforced" if there is at least "a barely colorable justification for the outcome reached."  *Landy Michaels Realty Corp. v. Local 32B-32J*, 954 F.2d 794, 797 (2d Cir. 1992) (internal quotation marks omitted); *accord D.H. Blair*, 462 F.3d at 110.  That said, when a district court is "asked to confirm an ambiguous award" — for instance, one that "fails to address a contingency that later arises" or "is susceptible to more than one interpretation" — it "should instead remand to the arbitrators for clarification."  *Gen. Re Life Corp. v. Lincoln Nat'l Life Ins. Co.*, 909 F.3d 544, 548-49 (2d Cir. 2018) (internal quotation marks omitted); *see also Liberty Re (Bermuda) Ltd. v. Transamerica Occidental Life Ins. Co.*, No. 04-CV-5044 (NRB), 2005 WL 1216292, *3 (S.D.N.Y. May 23, 2005).  But because "an award may be confirmed where the true intent of the arbitrator is apparent," remand is appropriate only where a true ambiguity exists.  *See Liberty Re*, 2005 WL 1216292, at *3 (internal quotation marks omitted).

Applying those standards here, the Court concludes that remand is the appropriate course of action.  Paragraph 6 of the Award provides that PALIC "continue[s] to be obligated to indemnify Allianz for *all* death benefits" paid under the terms of the relevant insurance policies, regardless of whether notice of deaths pursuant to those policies "arise[s] pursuant to claims made by Policy owners or beneficiaries, *or* by way of [DMF searches]."  Schreiber Decl. Ex. 3, ¶ 6 (emphases

added).  Allianz argues that, in using the word "or," this Paragraph "explicitly contemplate[s] that a notice of death may 'arise,' for [covered] death benefit payment purposes, 'by way of'" not only claims made by beneficiaries, but also claims that stem from DMF "searches," *including* searches that only arose because its regulatory activities.  Allianz Reply at 4.  By contrast, PALIC contends that the Award, read as a whole, requires indemnification of only those death benefits paid "under the terms" of the relevant insurance policies — terms that are limited to claims made by designated beneficiaries and accompanied by proof of loss.  PALIC Omnibus Reply at 18; *see id.* at 17 n.41.  These limitations, PALIC argues, apply to bar any claims made pursuant to regulatory escheatment, even if those escheatment claims arose by way of a DMF search.  Upon review of the Award as a whole and the parties' submissions, the Court cannot say that one or the other of these interpretations is definitively correct.

Notably, this is not a situation where "the court can resolve any alleged ambiguities in the award by modification" on the ground that such modification "would not affect the merits of the controversy, but merely involves a matter of semantics."  *Fischer v. CGA Comput. Assocs., Inc.*, 612 F. Supp. 1038, 1041 (S.D.N.Y. 1985).  Instead, the ambiguity in the Award goes to the very heart of the dispute.  Accordingly, "remand to the arbitrators for clarification" is the appropriate remedy.  *Gen. Re Life Corp.*, 909 F.3d at 549.  On remand, the arbitrators should clarify whether and to what extent PALIC is required to indemnify Allianz for the "payment of death benefits . . . by escheatment," including by early escheatment.  Allianz Opp'n & Cross Pet. at 2.  The arbitrators should also address whether "PALIC is responsible for *any* escheatments and interest payments based on treating a 'DMF fuzzy match' as proof of death," *id.* at 8 (emphasis added and alterations and internal quotation marks omitted), and whether their Award extends to "escheat[ment] payments previously made by PALIC or [escheatment payments] to be made in the future," *id.* at

3

13. But the arbitrators need not limit their clarification to those particular questions; instead, they should broadly aim to underscore the "meaning or effect of [the A]ward, so that the [C]ourt will know exactly what it is being asked to enforce." *In re Arbitration between Gerlind Glob. Reinsurance Corp.*, No. 98-CV-9185 (LAP), 1999 WL 553767, at *1 (S.D.N.Y. July 29, 1999) (citation and internal quotation marks omitted). That said, the arbitrators need not — indeed should not — "retr[y]" the dispute. *Fischer*, 612 F. Supp. at 1041; *see also General Re*, 909 F.3d at 549 (noting that, upon remand, a panel should "merely clarif[y] the award . . . rather than substantively modif[y] it").[1]

One final matter remains: The parties seek to maintain under seal virtually every document filed in connection with this dispute, including but not limited to the Award, the Petition, and the parties' memoranda of law. There is, of course, a presumption of public access to anything that qualifies as a "judicial document," defined as "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). The presumption is "at its strongest" when "the information at issue forms the basis of the court's adjudication." *Liberty Re*, 2005 WL 1216292, at *6 (citation omitted). But the presumption is strong "even [when] the Court [does] not" rely on a document, where such document "ha[s] been brought to the Court's attention in connection with a contested matter." *Accent Delight Int'l Ltd. v. Sotheby's*, No. 18-CV-9011 (JMF), 2019 WL 2602862, at *8

---

[1] Indeed, in the Court's view, the most efficient way to proceed on remand would be for the parties to simply provide their submissions from this case to the arbitrators, as the relevant issues have been thoroughly briefed here. Of course, it is ultimately up to the arbitrators, not this Court, to decide how to proceed on remand.

(S.D.N.Y. June 25, 2019) (citing *Lugosch*, 435 F.3d at 121). "[A]fter determining the weight of the presumption of access, the court must 'balance competing considerations against it.' 'Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure.'" *Mut. Marine Office, Inc. v. Transfercom Ltd.*, No. 08-CV-10367 (PGG), 2009 WL 1025965, at *4 (S.D.N.Y. Apr.15, 2009) (quoting *Lugosch*, 435 F.3d at 120). The party seeking to maintain the seal carries the burden of demonstrating the need to seal. *See DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

Applying these standards here, the Court concludes that there is no basis to keep any of the documents at issue here under seal. Notably, although given an opportunity to justify continued sealing, *see* ECF Nos. 2, 4, the parties proffer only one basis for their request: a confidentiality agreement and stipulation in the underlying arbitration. Allianz Mem. in Support of Seal 3-5; *see id.* Ex. A ("Confidentiality Agreement"). But, as Allianz concedes, the confidentiality agreement does not (and could not) bind this Court. *See* Allianz Mem. in Support of Seal at 3. Indeed, it explicitly provides that arbitration information may be disclosed "[a]s is necessary in connection with court proceedings relating to any aspect of the arbitration, including . . . motions to confirm." Confidentiality Agreement ¶ 3(b). And while it states that such disclosures "shall be sealed and/or redacted," it qualifies that that is "subject to court approval." *Id.* ¶ 3. In any event, even without that language, the confidentiality agreement would not suffice on its own, as "the mere existence of a confidentiality agreement . . . is insufficient to overcome the First Amendment presumption of access." *Alexandria Real Estate Equities, Inc. v. Fair*, No. 11-CV-3694 (LTS), 2011 WL 6015646,

at *3 (S.D.N.Y. Nov. 30, 2011).[2]  Accordingly, the record in this case is unsealed in full.  *See, e.g.*, *Aioi Nissay Dowa Ins. Co. v. ProSight Specialty Mgmt. Co.*, No. 12-CV-3274 (JPO), 2012 WL 3583176, at *6 (S.D.N.Y. Aug. 21, 2012) (citing cases for the proposition that courts "have consistently refused to seal the record of a petition to confirm an arbitration award, notwithstanding the existence of [a confidentiality] agreement").

For the foregoing reasons, the Court REMANDS this case to the arbitrators for clarification of the Award and, thus, DENIES both motions for confirmation (without prejudice to renewal after clarification).  Further, **within one week of the date of this Memorandum Opinion and Order**, the parties shall file unredacted copies of all their submissions on ECF.  The Court will retain jurisdiction to adjudicate any petitions or motions that follow remand.  But there being no reason to keep this case open pending the proceedings on remand, the Clerk of Court is directed to terminate ECF Nos. 23 and 27 and to administratively close the case, without prejudice to a motion from either party to reopen the case within **thirty days** of the completion of the proceedings on remand.

SO ORDERED.

Dated: September 25, 2019
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[2] Allianz also relies on this Court's decisions in *Alstom v. General Electric Co.*, 228 F. Supp. 3d 244 (2017), and *Doscher v. Sea Port Group Securities, LLC*, No. 15-CV-384 (JMF), 2015 WL 4643159 (S.D.N.Y. Aug. 5, 2015), *vacated on other grounds*, 832 F.3d 372 (2d Cir. 2016), but that reliance is misplaced.  In *Alstom*, the parties made a showing that the materials at issue contained "confidential and commercially sensitive information."  228 F. Supp. 3d at 254 & n.3.  And in *Doscher*, the Court "did not consider the merits of the parties' dispute[]" as it dismissed the case (in the first instance) on jurisdictional grounds.  2015 WL 4643159, at *5.