AO 450 (Rev 11/11) Judgment in a Civil Action

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/17/2019

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Park Avenue Life Insurance Company<br>*Plaintiff*<br>v.<br>Allianz Life Insurance Company of North America<br>*Defendant* | ) ) ) ) ) Civil Action No. 2019-CV-1089 |

## JUDGMENT IN A CIVIL ACTION

The court has ordered that *(check one)*:

☐ the plaintiff *(name)* _____ recover from the defendant *(name)* _____ the amount of _____ dollars ($ _____), which includes prejudgment interest at the rate of _____ %, plus post judgment interest at the rate of _____ % per annum, along with costs.

☐ the plaintiff recover nothing, the action be dismissed on the merits, and the defendant *(name)* _____ recover costs from the plaintiff *(name)* _____ .

☑ other: The Court confirms the March 30, 2018 Final Award as clarified on November 11, 2019, which are attached hereto as Exhibit 1 and Exhibit 2, respectively. The same is entered as a final judgment.

This action was *(check one)*:

☐ tried by a jury with Judge _____ presiding, and the jury has rendered a verdict.

☐ tried by Judge _____ without a jury and the above decision was reached.

☑ decided by Judge  Furman _____ on a motion for
Confirmation of an Arbitral Award

Date: Dec 17, 2019

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON 12/17/2019

# Exhibit 1

IN THE MATTER OF AN ARBITRATION BETWEEN:

| | |
|---|---|
| Park Avenue Life Insurance Company, )<br>)<br>Petitioner, )<br>)<br>- and - )<br>)<br>Allianz Life Insurance Company of North America, )<br>)<br>Respondent. )<br>_____ ) | **Panel**<br><br>David Thirkill, Umpire<br>Denis Loring, Arbitrator<br>Thomas Zurek, Arbitrator |

## FINAL AWARD

This Panel was appointed to resolve disputes between Park Avenue Life Insurance Company ("PALIC") and Allianz Life Insurance Company of North America ("Allianz") arising under a contract of reinsurance, the *Coinsurance Agreement between Allianz Life Insurance Company of North America and Park Avenue Life Insurance Company*, Effective December 31, 1999 ("the Coinsurance Agreement"). The Coinsurance Agreement covers a block of Allianz preneed and final expense policies ("the Block").

The Panel, having reviewed the briefing of the parties and the record evidence submitted, and having conducted a five (5) day hearing on this matter in New York from Monday, March 19, 2018 through Friday, March 23, 2018, hereby issues the following award:

1. By majority, the Panel rules in PALIC's favor as to PALIC's claims that Allianz breached the terms of the Coinsurance Agreement, and finds that PALIC is entitled to compensation for damages to the Block that has resulted from Allianz's actions in anticipation of and/or in actual resolution of Allianz's unclaimed property ("UCP") examinations and audits, as well as declaratory relief, as detailed below.

1

2. The Panel finds, by majority:

   (a) <u>As to Administrative Compliance Costs</u>: PALIC shall have no responsibility for payment of the administrative compliance costs associated with pro-actively searching for beneficiaries to pay claims or escheat funds to state(s), and Allianz shall refund any such funds that were advanced by PALIC to Allianz.

   (b) <u>As to Lost Investment Income Due to Payments Resulting from Allianz's Settlements and Death Master File Searching</u>: PALIC shall be compensated for damages to the Block as to lost net investment income that follows from the payment of claims resulting from the alteration of the terms and conditions of the Block policies (e.g., the imposition of extra-contractual pro-active searching for beneficiaries, as opposed to payment only upon "receipt" of a notice of claim and due proof of loss).

   (c) <u>As to Escheatment of Proceeds and Penalty Interest Due to Allianz's Settlements and Death Master File Searching</u>: PALIC shall be compensated for damages to the Block that follows from the early escheatment of proceeds, that is, for escheatment without receiving notice of claim or due proof of death, based on treating a DMF "fuzzy match" as proof of death and as the trigger of the dormancy period.

   (d) <u>Interest on Payments Due to Allianz Settlements and Death Master File Searching</u>: PAIC shall be compensated for the lost net investment income for claim(s) and escheatment.

3. With respect to items 2 (a) through (d) above, the Panel, by majority, hereby awards PALIC $2,400,000. No additional damages are payable for any items (a) through (d) above.

4. With respect to Equitable and Declaratory Relief, the Panel by majority, orders:

2

(a) <u>Outstanding UCP Compliance Obligations</u>: As to potential deaths that have been identified or may be identified as requiring investigation pursuant to Allianz's settlements (sometimes referred to as Phase II), Allianz shall pay 100% of all administrative compliance costs and shall research all such notices (inclusive of the approximately 3,000 death notices originally provided to PALIC); and

(f) <u>Future UCP Compliance</u>: As to any future potential deaths that may be identified as requiring investigation pursuant to Allianz's anticipated or future compliance efforts related to UCP, it is declared that PALIC shall have no responsibility for payments of administrative compliance costs.

5. All of Allianz's defenses or other claims for relief in this matter are denied.

6. PALIC shall continue to be obligated to indemnify Allianz for all death benefits paid under the terms of the Allianz Pre-Need Life and Annuity policies which are the Allianz Policies covered by the Coinsurance Agreement. Notice of any deaths can arise pursuant to claims made by Policy owners or beneficiaries, or by way of periodic searches of the Death Master File or any other death data base search tool by Allianz or PALIC

7. Allianz shall make the payment set forth above within twenty-one (21) days hereof.

8. Any and all other claims for relief are denied.

9. *Ex parte* contacts may resume with immediate effect.

* * *

SO ORDERED.

This 30th Day of March 2018

3

FOR THE MAJORITY:

_____
David Thirkill (Umpire)


_____
Denis Loring (Arbitrator)


DISSENTING

_____
Thomas Zurek (Arbitrator)

4

FOR THE MAJORITY:

David Tharkis (Umpire)

Dena Loring (Arbitrator)

DISSENTING

Thomas Zamek (Arbitrator)



# Exhibit 2

Dear Counsel,

Park Avenue Life Insurance Company v Allianz Life Insurance Company of North America,
Response from the Panel to Remand to the Arbitrators for Clarification.

The Panel has been asked by The United States District Court for the Southern District of New York to clarify certain parts of our Final Award and to help the Court understand what it is being asked to enforce. Accordingly, we present below the various issues we have been asked to address and our answers thereto. It should be noted that the responses are from the majority of the Panel and follow written and oral presentations made to the Panel on November 5th in New York City.

Request A. On remand, the arbitrators should clarify:

(1) whether and to what extent PALIC is required to indemnify Allianz for the payment of death benefits by escheatment, including by early escheatment:

> PALIC is only required to indemnify Allianz for the payment of death benefits under the reinsured policies:
> (i) where all the required terms of such policy (including satisfactory proof of death and a Beneficiary's Claimant Statement) have been satisfied, and/or
> (ii) under 'escheatment' for those policies that have remained in force until Maturity.
>
> PALIC is not required to indemnify Allianz for payments resulting from "early escheatment" or, indeed, from any liability which is of an 'Extra Contractual' nature (per Page 3 of the Coinsurance Agreement).

(2). whether PALIC is responsible for any escheatment and interest payments based on treating a 'DMF fuzzy match' as proof of death.

> PALIC is not required to indemnify Allianz for any escheatment or interest payments based on treating a 'DMF fuzzy match' as proof of death (or any payment relating to a policy not issued by Allianz). More broadly, PALIC is simply not required to indemnify any payments by Allianz resulting from regulatory changes that may occur, real or feared.

(3) Whether [our] Award extends to "escheatment payments previously made by PALIC or escheatment payments, to be made in the future."

> Our Award does indeed extend to "escheatment payments previously made by PALIC. And, to be clear, it also extends to escheatment payments to be made in the future." We found that Allianz breached the terms of the Coinsurance Agreement. We determined that PALIC was entitled to 1) compensation for damages to the Block that had resulted from Allianz's past actions, and 2) declaratory relief relating to possible future damages to the Block (Section 1 of our Award). Accordingly, we ordered payment of $2.4M which included compensation for damages and interest up to the date of our Award (Section 2 [c] and [d]) and declaratory relief (Section 6 thereof) to ensure such damage to the Block would not be repeated.

Request B. The Arbitrators should broadly aim to underscore the 'meaning or effect of the Award so that the Court will know exactly what it is being asked to enforce.'

> The immediate controversy between the parties to this dispute is essentially 'who gets to hold onto the money when no death benefit is paid'. An Insurer (or, as here, a reinsurer) or a State?
>
> The majority concluded that, in accordance with regulatory requirements existing at the time of our Award and the terms of the Coinsurance Agreement:
>
> (1) PALIC would indemnify Allianz for payouts of claims to beneficiaries upon submission of a proper claim form and proof of death,

1

(2) If the insured reached a certain age (Maturity or the "limiting age" - generally 100-120 years depending on the policy) without anyone making a claim for the insurance proceeds such that there was a presumption that the person had died, and the proceeds thereof escheated to a state's treasurer as unclaimed property, PALIC would indemnify Allianz for such payments, and

(3) Allianz would retain all regulatory risk, except for issues caused by PALIC.

Allianz determined, post the Coinsurance Agreement, that it should conduct early searches of DMFs. Its rationale for doing so, and PALIC's reaction to such, were set out in their respective pleadings to the Panel. Our Award came from the majority's opinion that Allianz's actions breached the terms of the Coinsurance Agreement (particularly Section 16.02), wherein Allianz retains all risk arising from statutory or regulatory change.

The Award was designed to restore the parties to the position they would have been in had Allianz retained all statutory and regulatory risk (the award of $2.4M to PALIC) as well as providing against any future such damage (per the Declaratory Relief in Section 6 which limits PALIC's responsibilities to those outlined) to keep them in that same position.

Allianz wants to read the second sentence of Section 6 of our Award as a recognition that a DMF search is the equivalent of a claim made by a Policy owner or beneficiaries, PALIC being responsible, per se, to indemnify Allianz for all payments and/or escheatment. Allianz is wrong. Apart from anything else, escheatment is not death benefit and notice of death (however come by) is only a part of the payment process.

The actual purpose of the second sentence in Section 6 of our Award was to recognize that initially discovering a death through a DMF match does not disqualify a claim so long as the contractual requirements of satisfactory proof of death and a Claimant's statement are satisfied. If no beneficiary is found, the contractual conditions have not been satisfied, and no reimbursement by PALIC is due until policy maturity.

Going to the 'heart of the matter', it would be rather illogical for us to have found that Allianz breached the terms of the Coinsurance Agreement, award PALIC compensation for damages that had occurred to the Block to the date of our Award and declaratory relief designed to obviate identical damage happening post our Award, only to now agree with Allianz's position that what we actually meant is that Allianz can repeat those same breaches of the Coinsurance post Award but be indemnified by PALIC for them.

To repeat, PALIC is only required to indemnify Allianz for the payment of death benefits paid under all the terms of the Allianz Pre-Need Life and Annuity policies (which include proof of loss and designated beneficiaries), or escheatment at Maturity. PALIC's application to the Court should be enforced accordingly.

Respectfully:

November 12, 2019

David Thirkill
Umpire


Denis Loring
Arbitrator



Thomas Zurek - I do not join in the clarification as I did not confirm the original award.
Arbitrator

2

(2) If the insured reached a certain age (Maturity or the "limiting age" - generally 100-120 years depending on the policy) without anyone making a claim for the insurance proceeds such that there was a presumption that the person had died, and the proceeds thereof escheated to a state's treasurer as unclaimed property, PALIC would indemnify

(3) Allianz would retain all regulatory risk, except for issues caused by PALIC.

Allianz determined, post the Coinsurance Agreement, that it should conduct early searches of DMFs. Its rationale for doing so, and PALIC's reaction to such, were set out in their respective pleadings to the Panel. Our Award came from the majority's opinion that Allianz's actions breached the terms of the Coinsurance Agreement (particularly Section 16.02), wherein Allianz retains all risk arising from statutory or regulatory change.

The Award was designed to restore the parties to the position they would have been in had Allianz retained all statutory and regulatory risk (the award of $2.4M to PALIC) as well as providing against any future such damage (per the Declaratory Relief in Section 6 which limits PALIC's responsibilities to those outlined) to keep them in that same position.

Allianz wants to read the second sentence of Section 6 of our Award as a recognition that a DMF search is the equivalent of a claim made by a Policy owner or beneficiaries, PALIC being responsible, per se, to indemnify Allianz for all payments and/or escheatment. Allianz is wrong. Apart from anything else, escheatment is not death benefit and notice of death (however come by) is only a part of the payment process.

The actual purpose of the second sentence in Section 6 of our Award was to recognize that initially discovering a death through a DMF match does not disqualify a claim so long as the contractual requirements of satisfactory proof of death and a Claimant's statement are satisfied. If no beneficiary is found, the contractual conditions have not been satisfied, and no reimbursement by PALIC is due until policy maturity.

Going to the 'heart of the matter', it would be rather illogical for us to have found that Allianz breached the terms of the Coinsurance Agreement, award PALIC compensation for damages that had occurred to the Block to the date of our Award and declaratory relief designed to obviate identical damage happening post our Award, only to now agree with Allianz's position that what we actually meant is that Allianz can repeat those same breaches of the Coinsurance post Award but be indemnified by PALIC for them.

To repeat, PALIC is only required to indemnify Allianz for the payment of death benefits paid under all the terms of the Allianz Pre Need Life and Annuity policies (which include proof of loss and designated beneficiaries), or escheatment at Maturity. PALIC's application to the Court should be enforced accordingly.

Respectfully

November 12, 2019

David Thirkill
Umpire

Denis W. Loring
Denis Loring
Arbitrator


Thomas Zurek - I do not join in the clarification as I did not confirm the original award.
Arbitrator

2

(2) If the insured reached a certain age (Maturity or the "limiting age" generally 100-120 years depending on the policy) without anyone making a claim for the insurance proceeds such that there was a presumption that the person had died, and the proceeds thereof escheated to a state's treasurer as unclaimed property, PALIC would indemnify Allianz for such payments; and

(3) Allianz would retain all regulatory risk, except for issues caused by PALIC.

Allianz determined, post the Coinsurance Agreement, that it should conduct early searches of DMFs. Its rationale for doing so, and PALIC's reaction to such, were set out in their respective pleadings to the Panel. Our Award came from the majority's opinion that Allianz's actions breached the terms of the Coinsurance Agreement (particularly Section 10.02), wherein Allianz retains all risk arising from statutory or regulatory change.

The Award was designed to restore the parties to the position they would have been in had Allianz retained all statutory and regulatory risk (the award of $2.4M to PALIC) as well as providing against any future such damage (per the Declaratory Relief in Section 6 which limits PALIC's responsibilities to those outlined or keep them in that same position.

Allianz would have us view the second sentence of Section 6 of our Award as a recognition that a DMF search is the equivalent of a claim made by a Policy owner or other claims, PALIC being responsible, per se, to indemnify Allianz for all payments and/or escheatment. Allianz is wrong. Apart from anything else, escheatment is not death benefit and notice of death (howsoever come by) is only a part of the payment process.

The actual purpose of the second sentence in Section 6 of our Award was to recognize that initially discovering a death through a DMF match does not disqualify a claim but only, as the contractual requirements is that statutory proof of death and a Claimant's statement are submitted. If no beneficiary is found, the contractual conditions have not been satisfied, and no reimbursement by PALIC is due until policy maturity.

Going to the "nature of the matter", I would be rather disquiet for us to have found that Allianz breached the terms of the Coinsurance Agreement, award PALIC compensation for damages that had occurred to the Black Letter date of our Award and declaratory relief designed to see any denial of damages occurring past our Award, only to now agree with Allianz's position that what we actually meant is that Allianz can repeat those same breaches of the Coinsurance post Award but be indemnified by PALIC for them.

To repeat, PALIC is only required to indemnify Allianz for the payment of death benefits paid under all the terms of the Allianz New Next Life and Annuity policies (which include proof of loss and designated beneficiaries) or escheatment at Maturity. PALIC's award on to the Courts should be enforced accordingly.

Rosie Tilly

November 22, 2019

_____
Rosie Tilly
Umpire


Denis Loring
_____
Thomas Zurek - I do not join in the clarifications. I did not concur the original award.
Arbitrator

3